## GRACE O. CARY v. ARCHIBALD M. CARY.[1]

April 12, 1929.

No. 27,057.

*Frank W. Booth,* for appellant.

*Fowler, Carlson, Furber & Johnson* and *C. A. Taney, Jr.* for respondent.

PER CURIAM.

Defendant appealed from an order revising the amount of alimony to be paid by him.

Judgment for divorce was entered March 3, 1924. Pursuant to a stipulation signed by defendant and his counsel the order for judgment provided that defendant should pay $250 per month for the maintenance and support of plaintiff and a minor child. The judgment also gave plaintiff the custody of the child. Defendant is in default in making his payments, and the plaintiff claims that in April, 1928, this default was to the extent of $5,745. Defendant

[1]Reported in 225 N. W. 11.

claiming he could not pay made a motion for a modification of the amount. The court reduced the monthly payments to $125 but limited the reduction from June 14, 1928. Defendant being aggrieved by not being relieved of the accumulated delinquent payments now claims that the original judgment is void because the child was not the child of either of the parties to this action.

The adjudication in relation to the child results from the stipulation and. is necessarily for the purpose of this action only. It is far short of an adoption. It is without significance except as between the parties and in this action. Having given the written consent to an adjudication from which no appeal was taken, defendant's only opportunity for relief, rendered appropriate by changed conditions and circumstances, rests in the discretion of the trial court. The record does not show any abuse thereof.

Upon plaintiff's motion submitted herein she is granted $50 as attorney's fees, which will be included in the judgment for disbursements. No statutory costs will be allowed.

Affirmed.